UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 1:23-cr-45

      v.

                                JUDGE DOUGLAS R. COLE

RICHARD BHOOLAI,

        Defendant.

## OPINION AND ORDER

Currently before the Court are two motions in limine, one each from the government and Defendant Richard Bhoolai, that the parties filed in connection with the upcoming trial in this matter. For the reasons discussed briefly below, the Court **GRANTS IN PART** the Government's Motion in Limine to Admit Certain Evidence (Doc. 23). Likewise, the Court **GRANTS** Bhoolai's Motion in Limine to Exclude Evidence (Doc. 24). That said, as with all motions in limine, the Court's rulings here are preliminary and intended to provide guidance to the parties before trial. The Court's determination about the admissibility of any specific evidence at trial will depend on the circumstances under which a party seeks to introduce that evidence.

## BACKGROUND

This is a tax evasion case. Defendant Richard Bhoolai is accused of failing to pay taxes owed by his company, Richie's Fast Food Restaurants, Inc. (Richie's), from

the beginning of 2017 to the end of 2018.[1] (Doc. 1 ¶ 11, #2–3). During that period, Richie's employed between 22 and 34 employees and withheld federal income taxes, Medicare, and social security taxes (payroll taxes) from those employees' paychecks. (*Id.* ¶¶ 2–3, #1). As sole owner of Richie's, Bhoolai had the duty to collect, account for, and pay over Richie's payroll taxes to the Internal Revenue Service (IRS) as well as to file an Employer's Quarterly Federal Tax Return (Form 941). (*Id.* ¶¶ 4–5, #1–2). Starting in the fourth quarter of 2016 and continuing through the fourth quarter of 2018, Bhoolai did neither. (*Id.* ¶¶ 6–7, #2). Although Richie's withheld payroll taxes from its employees' paychecks, it did not transmit those taxes to the IRS, nor did it file quarterly Forms 941. (*Id.*). Instead, Bhoolai used the retained payroll taxes for his personal benefit, including spending over $1 million gambling. (*Id.* ¶ 9, #2).

On April 26, 2023, a federal grand jury indicted Bhoolai on eight counts of Willful Failure to Account For or Pay Over Employment Taxes, in violation of 26 U.S.C. § 7202. (Doc. 1). The trial is set to begin September 16, 2024.

## LEGAL STANDARD

Federal district courts' inherent authority to manage trials authorizes them to rule on motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). And they are free to alter previous in limine rulings at trial. *Id.* at 41–42 ("Indeed even if

---

[1] Although the Court relies on the allegations set forth in the indictment to describe the background, the Court notes that they are just that—allegations. As in any criminal trial, the government must prove beyond a reasonable doubt the facts on which it seeks to rely. The Court's recitation of the allegations from the indictment in this Order is not intended to be, and the parties should not construe it as, the Court's finding that the alleged events in fact occurred.

nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Both motions in limine before the Court here seek admission or exclusion of certain pieces of evidence. (Docs. 23, 24). Those requests are controlled, at the outset, by the Federal Rules of Evidence's test for admissibility. Fed. R. Evid. 402. To be admissible, evidence must be relevant. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. But sometimes even relevant evidence may be excluded if it runs afoul of another evidentiary rule. Fed. R. Evid. 402. Three are pertinent here. First, relevant evidence is inadmissible if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Second, evidence of a previous act is inadmissible to prove that, on a particular occasion, a person committed a similar act, though it may be admissible for another purpose such as to prove intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b). Third, statements a defendant makes during compromise negotiations or during plea negotiations are generally inadmissible against the defendant. Fed. R. Evid. 408(a)(2), 410.

## LAW AND ANALYSIS

The Court will address the government's motion and Bhoolai's motion in turn.

**A.    The Government May Introduce Both of Its Proposed Categories of Evidence Under Rule 404(b), but the Government Will Be Limited to Tax Information Relating to Alleged Failure to Pay Payroll Taxes.**

The government moved to admit two categories of evidence as res gestae evidence (i.e., background evidence) intrinsic to the charged offenses, or, in the alternative, as prior act evidence under Federal Rule of Evidence 404(b). (Doc. 23, #76). First, it seeks to admit evidence of Bhoolai's gambling activity to show Bhoolai had the funds available to pay the payroll taxes owed. (*Id.* at #77). Second, it asks to introduce evidence of Bhoolai's history of tax noncompliance, although it is somewhat vague in its description of exactly what evidence it intends to offer, or the taxes to which it relates—a topic the Court addresses below. In any event, the government argues that both categories of evidence tend to prove Bhoolai's willfulness in failing to account for and pay over the payroll taxes owed—an element it must prove to establish a violation of 26 U.S.C. § 7202.

### 1.    The Gambling Evidence is Admissible Under Rule 404(b).

Take the gambling evidence first. The Court is satisfied, at least at this juncture, that this evidence falls within the contours of Rule 404(b).[2] Under that Rule,

---

[2] As noted, the government alternatively seeks to introduce this evidence as res gestae—that is, "background evidence [that] has a causal, temporal or spatial connection with the charged offense." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (citation omitted). The Court is not convinced that Bhoolai's gambling activities are so causally, temporally, or spatially connected to his failure to pay over the payroll taxes owed by Richie's as to render them admissible under this theory. But since the Court finds the evidence admissible under Rule 404(b), it need not reach this alternative theory.

evidence of Bhoolai's prior acts is not admissible to prove he acted similarly on the occasions at issue, but it is admissible to prove intent, knowledge, or absence of mistake. Fed. R. Evid. 404(b). In determining whether to admit prior act evidence under Rule 404(b), the Court must ask "(1) whether there is sufficient evidence the defendant in fact performed the other acts; (2) if so, whether the other acts are probative of a material issue other than character; and (3) if so, whether the evidence should be excluded under Rule 403." *United States v. Sittenfeld*, No. 1:20-cr-142, 2022 WL 2192955, at *3 (S.D. Ohio June 17, 2022) (citing *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012)).

Start with the first prong. The Court preliminarily concludes that there will be sufficient evidence that Bhoolai engaged in the gambling activity. The government points to evidence of Richie's business bank account activity, which shows "numerous transactions at Jack's Casino during each charged quarter," (Doc. 23, #77), and also a trip to the Hard Rock Casino Fort Lauderdale, (*id.* at #78). That evidence suggests that he engaged in gambling.

Move to the second prong. The evidence specified above is probative of a material issue other than character. In cases such as this when a defendant's mental state forms a material element of the crime, prior act evidence "may be critical to the establishment of the truth." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). And here, Bhoolai's gambling is "probative of [his] knowledge and intent in determining whether [he] willfully" failed to account for or pay over payroll taxes. *United States v. Magoti*, 352 F. App'x 981, 984 (6th Cir. 2009).

That leaves the third prong, which requires a Rule 403 inquiry. Under that Rule, the Court must exclude even relevant evidence if the "probative value [of the evidence] is substantially outweighed by a danger of … unfair prejudice." Fed. R. Evid. 403. Here, the Court finds that is not the case. When a defendant expends significant money on an activity like gambling in lieu of paying federal taxes, such conduct helps to establish the defendant's willfulness in failing to meet his tax obligations. *United States v. Blanchard*, 618 F.3d 562, 569–70 (6th Cir. 2010). And the Sixth Circuit has expressly held that the relevance of such evidence "substantially outweighs the potential for prejudice." *Id.* at 570.

As all three prongs are satisfied, the gambling evidence is admissible under Rule 404(b).

> **2.    Information That Bhoolai Received During the Time Period at Issue in His Indictment Regarding His Alleged Failure to Pay Payroll Taxes is Admissible, Even If the Tax Periods to Which the Information Refers Are Outside the Time Period of the Charged Conduct.**

The analysis regarding the evidence relating to tax noncompliance is a little different. That is in part because, as noted above, the motion is not entirely clear as to the evidence the government intends to introduce in this regard. So at the final pretrial hearing, the Court inquired further on this matter. The government indicates it has two basic buckets of information relating to prior tax noncompliance. The first is information relating to Bhoolai's alleged failure to pay personal income taxes from years before those at issue in this case. The second is information (e.g., IRS enforcement letters) that Bhoolai received during the time period at issue in the

indictment. That correspondence apparently relates to the failure to pay business taxes like those at issue in the indictment (i.e., payroll taxes) but refers to tax periods before the time period that the indictment covers. The Court concludes for purposes of this in limine order that the former is inadmissible but the latter is admissible.

To secure a conviction on the charged crimes, one element the government must prove is willfulness. 26 U.S.C. § 7202. The jury will be instructed that this element requires the government to show that the defendant acted voluntarily and intentionally and with the specific intent to do something he knew that the law prohibited. *Cheek v. United States*, 498 U.S. 192, 200–01 (1991). In other words, the government will need to negate that the defendant failed to pay taxes merely due to a mistake.

Against that backdrop, the 404(b) argument plays out differently as to the two categories of information identified above. Turning first to the alleged failure to pay individual income taxes years ago, the Court agrees that the government may have sufficient evidence such non-payments in fact occurred (prong one). But the Court fails to see how evidence from years back about a failure to pay *other* forms of taxes would be probative on any question other than Bhoolai's character (i.e., as an alleged tax evader) (prong two). And perhaps even more to the point, at the third prong, the potential prejudice from such evidence seems to substantially outweigh any probative value that may exist. Thus, the Court is inclined to exclude such evidence.

As to the information Bhoolai received during the course of conduct at issue here (which, as a reminder, relates to *payroll* taxes), though, the Rule 404(b) inquiry

turns out differently. The available evidence suggests that the failure to pay payroll taxes in previous periods occurred (prong one). (*See* Doc. 23, #77–78). And even more to the point, to the extent that the question is whether Bhoolai *received* the correspondence—which could point toward his willfulness in failing to meet similar obligations during the period at issue—the answer is resoundingly yes. (*See id.*). So the Court finds the sufficiency prong satisfied for now. Turning to the second prong, as just noted, correspondence relating to the obligation to fill out Forms 941 or remit payroll taxes strikes the Court as probative regarding Bhoolai's knowledge of those obligations, which in turn is directly relevant to the question of willfulness. And that same analysis guides the Court's consideration of the third prong—i.e., the probative value in terms of establishing willfulness exceeds the prejudicial effect. Confirming the Court's view of the appropriate outcome here, the Sixth Circuit has held that evidence of previous failures to pay taxes of the same type as those at issue in a later tax evasion case can be introduced as pattern evidence that establishes the absence of mistake. *United States v. Ausmus*, 774 F.2d 722, 728 (6th Cir. 1985). Just so here.

At the final pretrial hearing, the Court explained that, having reviewed the government's motion and the relevant caselaw, it intended to allow the government to offer evidence relating to information that Bhoolai was receiving during the charged period of time about payroll tax obligations, but not offer evidence about older individual income tax issues. The Court then asked Bhoolai's counsel if he wished to offer any argument to the contrary. Bhoolai's counsel declined to do so, stating that he agreed with the Court's determination on the matter. Thus, as the Court said at

that hearing, it will attempt to police the line between those two categories of evidence during the trial in this matter.[3]

## B.     The Government May Not Introduce Evidence of Bhoolai's Affidavit Made During Plea Negotiations.

Next up is Bhoolai's motion. He seeks to exclude an affidavit he made during plea negotiations. (Doc. 24, #84). Federal Rule of Evidence 410 makes this an easy call.[4] That rule expressly prohibits admitting evidence of "a statement made during plea discussions … if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea." Fed. R. Evid. 410. Here, Bhoolai executed the affidavit "in anticipation of [] reaching a plea agreement with the Government." (Doc. 24, #84). As the parties are proceeding to trial, it is clear those discussions did not

---

[3] As with the evidence of Bhoolai's gambling activity, the Court is not necessarily persuaded that evidence of the information Bhoolai received during the charged time period fits within res gestae's ambit. True, Bhoolai's receipt of IRS enforcement correspondence may "complete[] the story," *Churn*, 800 F.3d at 779 (citation omitted), at least as to his willfulness in failing to pay payroll taxes during the time period charged in the indictment. But as noted above, the government indicated that the correspondence on which it intends to rely related to tax issues that occurred *before* the charged time period. So the acts to which the correspondence relates necessarily "occurred at different times and under different circumstances from the offense charged," meaning res gestae may not be a good fit. *Id.* (citation omitted). In any case, because the Court finds the evidence related to information Bhoolai received during the time period at issue in the indictment admissible on other grounds, the Court need not determine exactly how res gestae would play out here.

[4] Bhoolai also seeks exclusion of the affidavit under Federal Rule of Evidence 408(a)(2), which says that "statement[s] made during compromise negotiations" are not admissible against either party to prove or disprove a disputed claim's validity or amount. Based on Bhoolai's Motion, it is unclear to the Court whether the affidavit was made during a "compromise negotiation" (in which case Rule 408 applies) or during a "plea discussion" (in which case Rule 410 applies). Since Bhoolai is a criminal defendant, the Court construes the statement as being made during a "plea discussion." Not to mention, Rule 410 offers broader evidentiary protections (prohibiting admission of *any* statements made during a plea discussion against a defendant) than Rule 408 (prohibiting admission of statements made during compromise negotiations *only* where the validity or amount of a claim are disputed).

result in a guilty plea. So the affidavit squarely falls within Rule 410's protection and

is not admissible.[5]

**CONCLUSION**

For the above reasons, the Court **GRANTS** Government's Motion in Limine to

Admit Certain Evidence (Doc. 23) and **GRANTS** Bhoolai's Motion in Limine to

Exclude Evidence (Doc. 24).

    **SO ORDERED.**

September 9, 2024
**DATE**

      **DOUGLAS R. COLE**
      **UNITED STATES DISTRICT JUDGE**

---

[5] For its part, the government, in its response to Bhoolai's Motion, stated that it does not anticipate seeking to introduce the affidavit at trial. (Doc. 25, #89). But it did intimate that it would seek leave of Court to introduce the affidavit if Bhoolai introduces another statement made during the same plea negotiation, or in a later perjury proceeding should Bhoolai testify falsely, as described in the Rule 410(b) exceptions. (*Id.* at #89–90). Because of the preliminary nature of this Order, the Court avoids ruling on the admissibility of the affidavit under those exceptions. The Court will decide such matters during trial should they arise.

10